Case 4:25-cr-00693   Document 14   Filed 01/20/26 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas

**ENTERED**
January 21, 2026
Nathan Ochsner, Clerk

AO 472 (Rev. 1/25) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
__Southern__ District of __Texas__

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  4:25-CR-693 |
| Jay Antoine Jackson ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ **A.** Motion of the Government for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

  ☐ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

  ☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

  ☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

  ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

  ☐ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

  **OR**

☒ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

  ☒ **(1)** a serious risk that the defendant will flee if released; **or**

  ☒ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Application of Any Presumption Established Above**

  ☐ The defendant has not rebutted the presumption.
  **OR**
  ☐ The defendant has rebutted the presumption.

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

☐ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
☒ Weight of evidence against the defendant is strong.
☒ Subject to lengthy period of incarceration if convicted.
☐ Lack of significant family or other ties to the community.
☒ Significant family or other ties outside the United States.
☐ Lack of legal status in the United States.
☐ Subject to removal or deportation after serving any period of incarceration.
☐ Lack of stable residence.
☐ Lack of stable employment.
☐ Lack of financially responsible sureties.
☐ Prior attempt(s) to evade law enforcement.
☐ Use of alias(es) or false documents.
☐ History of alcohol or substance abuse.
☐ Prior criminal history.
☐ History of violence or use of weapons.
☐ Prior violations of probation, parole, or supervised release.
☐ Prior failure to appear in court as ordered.
☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
☐ Participation in criminal activity while on probation, parole, or supervision.
☐ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

The United States moved to detain the Defendant pursuant to 18 U.S.C. § 3142(f)(2) as posing a serious risk of flight or non-appearance. The Court held a hearing on the issue of detention and takes judicial notice of the information in the Pretrial Services Report and of Government's Exhibits 1. After considering the Pretrial Services Report, the Government's Exhibit, the testimony presented at the hearing, and the factors contained in 18 U.S.C. § 3142(g), the Court concludes that the United States has met its burden to prove by a preponderance of the evidence that the Defendant poses a serious risk of flight which cannot reasonably be addressed by conditions of release. In addition, and upon its own

motion, the Court finds by a preponderance of the evidence that the Defendant poses a serious risk of obstruction or attempted obstruction and should be detained pursuant to 3142(f)(2)(B).  The Court bases its conclusions on the following findings and considerations:

(1) The charged offense involves bank fraud in violation of 18 U.S.C. § 1344, unlawful conversion of Government property in violation of 18 U.S.C. §§ 641 and 2, and possession of stolen mail in violation of § 1708.

(2) The weight of the evidence is the least important factor the Court considers when deciding the issue of detention. However, the weight of the evidence is fairly substantial and includes the Defendant's fingerprints on some of the forged treasury checks.

(3) The history and characteristics of the Defendant.  The Defendant has one prior criminal arrest for forgery of a financial instrument for which he received Deferred Adjudication Probation.  The Defendant owns a home in Houston and has some ties to the community.  However, several of the Defendant's characteristics, most importantly his own conduct, demonstrate by a preponderance of the evidence that he poses a risk of non-appearance.

First, the Defendant was less than truthful with pretrial services.  He told pretrial he has 2 children when in fact he has 6 children. (His sister told pretrial services he has 5 children).

Second, the Defendant was not truthful with investigating agents.  Defendant was indicted on December 17, 2025. Agents went to his house on December 18 to serve an arrest warrant, but there was a delay in posting the warrant electronically.  The warrant was processed and uploaded before close of business that day.   When speaking to agents about the indictment and the warrant, Defendant stated that he wanted to cooperate.  His attorney was present for some portion of this meeting.  The investigating agent testified that because the Defendant agreed to cooperate, they would allow him until Monday to turn himself in at the federal courthouse.  During the interview on December 18, the Defendant told agents he had a planned trip to Salt Lake City scheduled for Saturday, December 20.  The investigating agent told him he could not travel due to the indictment and warrant for his arrest.  Despite Defendant's representation to agents that he had a planned trip to Salt Lake City, the testimony and evidence presented at the hearing demonstrated that the Defendant purchased a ticket to Hong Kong on December 16, 2025, the day before his indictment was handed down. Testimony at the hearing also established that the Defendant and his counsel had been in contact with investigators prior to the time the indictment issued.  Defendant did not fly to Salt Lake City on December 20, but instead flew to Hong Kong.  On the Monday he was to turn himself in at the federal courthouse, Defendant's attorney contacted investigating agents to inform them he did not know where his client was.  Agents investigated and found he had travelled to Hong Kong on Saturday.  They immediately filed paperwork for extradition and later learned the Defendant would be returning to the U.S.

At some point, the Defendant's attorney called investigators to tell the the Defendant would return to the U.S.  Upoin his return from Hong Kong he was subject to CBP inspection. An inspection of his phone revealed chat messages with an individual, one of which was the following:

Apparently you can go home BUT looks like the FBI is waiting as well, just answer the questions properly, clear the chats, and you might be lucky that they let you home.  If not, we will know and take it from there.  It's the NY FBI, there we have strong connections.  Stay calm, be friendly and let's see what happens.  Do not call anyone but your lawyer in case you need to.

In addition, upon inspection by CBP the Defendant had several expensive watches in his possession including 3 Rolex watches and a Hublot watch.  Inspection of the Defendant's phone revealed a financial transaction in the amount of $100,000 while he was in China.  The Defendant has $300,000 in a cryptocurrency account and his background includes extensive international travel.

When all of the evidence is considered together, the Court finds that the United States has met its burden to show by a preponderance of the evidence that the Defendant presents a serious risk of flight or nonappearance and a risk of obstruction or attempted obstruction that cannot reasonably be mitigated by conditions of release.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/20/2026

_Christine A Boya_
U.S. Magistrate Judge