UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:25-CR-0693 |
| | § | |
| JAY ANTOINE JACKSON | § | |

# DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

## TO THE HONORABLE GEORGE C. HANKS, JR.:

Jay Antoine Jackson, through undersigned counsel, moves for this Court to revoke the detention order entered by the Honorable Magistrate Judge Christina A. Bryan in the above referenced matter.

Jay Antoine Jackson is a 45-year-old longtime Houston-resident and United States citizen who: (1) has never been convicted of a crime, (2) has strong ties to the community, (3) is gainfully employed; (4) has surrendered his passport upon his arrest; and (5) has a full support network ensuring he follows all conditions of pre-trial release.

### I. BACKGROUND

Mr. Jackson is charged with violations of 18 U.S.C. §1344, 18 U.S.C. §641, and 18 U.S.C. §1708. After conducting a thorough background investigation, the United States Pretrial Officer for the Southern District of Texas recommended that Mr. Jackson be released, with conditions, pending trial. However, on January 20th, 2026, Judge Bryan ordered Jackson be detained pending trial. Again, Mr. Jackson is a longtime Houston resident with no criminal conviction history, is gainfully employed, and has strong family ties here in Houston.

1

## II.    ARGUMENT

This Court must review the Magistrate Judge's detention order under a *de novo* standard of review. *See* 18 U.S.C. § 3145(b); *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir. 1985).

Pretrial release should only be denied for "the strongest of reasons." *Truong Dinh Hung v. United States,* 439 U.S. 1326, 1329 (1978) (citation omitted). When Congress enacted the Bail Reform Act, it retained the preference for the release of most defendants prior to trial. *See United States v. Byrd,* 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors non-detention."). Given that fact, the provisions of the Bail Reform Act should be narrowly construed in favor of release. *See, e.g., United States v. Singleton*, 182 F.3d 7, 23 (D.C. Cir. 1999); *United States v. Hinote*, 789 f.2d 1490, 1941 (11th Cir. 1986) (It is required "that we strictly construe provisions of the Bail Reform Act of 1984"); *Cf. Williams v. United States*, 458 U.S. 279, 290 (1982) (Criminal statutes should be narrowly construed in favor of the defendant).

A finding that no conditions will address the issue of nonappearance or reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). "Clear and convincing evidence" is defined as "evidence which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Cruzan ex rel. Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 285 n. 11 (1990) (internal citation omitted).

Judge Bryan correctly held that Defendant Jackson was not a danger to the community. However, Judge Bryan granted the Government's motion to detain based on the grounds of non-appearance. Over Defense Counsel's objection, Judge Bryan based her ruling on pictures of messages that were seen in Defendant's phone from some unknown person. It should be noted that Defendant did not respond to the messages that were sent to him. Defense Counsel objected on the grounds of relevancy, as the messages offered by the Government had nothing to do with or suggested that Defendant not appear in court. Judge Bryan's position was that the messages, in her opinion, suggested "some sort of obstruction". With all due respect to Judge Bryan, a message stating to "clear your messages" does not indicate that Mr. Jackson would not appear for court as ordered. Furthermore, the Government failed to offer any evidence of a history of Mr. Jackson failing to appear for Court.

Pre-Trial Services did note that Mr. Jackson had extensive international travel history. However, despite this concern, and after doing a thorough investigation on Mr. Jackson during their interview of him, Pre-Trial respectfully recommended the following Bond and Conditions: ***1) $25,000.00 Unsecured Bond; 2) Pretrial Services Supervision; 3) Surrender passport prior to release and obtain no other passport; 4) Travel restricted to Southern District…*** This combination of conditions more than adequately addressed the issue of non-appearance. Mr. Jackson's passport has already been confiscated by the Government and is thus effectively surrendered. The Government presented no evidence that clearly and convincingly would show that Mr. Jackson would still pose a threat of nonappearance. As such, Judge Bryan did not have the "strongest of reasons" to deny pre-trial release as the Court held in *Truong Dinh Hung v. United States. (Id.)* Therefore, Judge Bryan should not have granted the Government's Motion to Detain Mr. Jackson pending trial.

### III.   CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays this Court grant him pretrial release in accordance with the pretrial report's recommendation. Mr. Jackson poses no continuing danger to the community nor any risk of flight, and the Court can confidently impose conditions that will ensure the safety of the community and Mr. Jackson's appearance. Or, in the alternative, Defendant prays this Court sets this motion for a hearing.

Respectfully submitted,

/s/ *Samuel L. Milledge, II*

SAMUEL L. MILLEDGE, II
Texas Bar No. 24076560
THE MILLEDGE LAW GROUP, PC
1235 North Loop West, Ste. 725
Houston, Texas  77008
(713) 812-1409 – Telephone
(713) 812-1418 – Telecopier
sam2@milledgelawgroup.com
blopez@milledgelawgroup.com
**COUNSEL FOR JAY ANTOINE JACKSON, JR.**

CERTIFICATE OF CONFERENCE

I hereby certify that a conference regarding the above motion was had on Tuesday, January 20, 2026, and again on Wednesday, January 28, 2026.

/s/ *Samuel L. Milledge, II*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on February 1, 2026, on the following via ECF Notice pursuant to the Federal Rules of Civil Procedure to all attorneys of record in this matter

      /s/ *Samuel L. Milledge, II*