UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| Vs | § § | CRIMINAL NO. H-25-693 |
| JAY ANTOINE JACKSON | § | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

COMES NOW the United States Attorney for the Southern District of Texas, by and through Jay Hileman, Assistant United States Attorney, and files this response to the defendant's Motion to Revoke Detention Order, filed at document number 16.

I.

The defendant stands charged by indictment with two counts of bank fraud (18 USC 1344), two counts of unlawful conversion of government property (18 USC 641) and one count of possession of stolen mail (18 USC 1708). Trial is scheduled for March 2, 2026.

II.

A detention hearing was held before United States Magistrate Judge Christina A. Bryan on January 20, 2026. After considering the evidence and testimony presented, Judge Bryan ordered the defendant detained pending trial as a risk of non-appearance. Evidence shows that the defendant has opened several bank accounts using his true name and identity, as well as in the names of fake or non-existent companies. He used the accounts to deposit four IRS refund checks

1

that had been stolen from the mail.   The checks total $15,840,573.20.   All of the checks were legitimate refund checks that were altered to show the defendant as the payee.   The defendant went into banks and presented the checks.   One of the checks cleared and the defendant withdrew $319,548.25 by writing checks to his other fake business accounts.   When agents interviewed the defendant, he told them he received the checks from a person named "Ron". The checks were originally payable to a corporate CEO, an NBA star, and two huge companies. The IRS issued the checks and mailed them.   The payees never received the checks.

Judge Bryan stated in her written order of detention, filed under this cause as document 14, that the defendant had not been truthful with investigating agents. The agents met with the defendant on Thursday, December 18th to arrest him in this case.   After visiting with the defendant and his attorney, the agents decided to allow the defendant to leave and turn himself in on Monday, December 22nd.   The defendant told agents he had a trip planned for Salt Lake City on Saturday, December 20th.   The agents told the defendant he could not take that trip due to his indictment and arrest warrant.   Evidence and testimony at the hearing showed that the defendant actually had purchased a ticket to Hong Kong on December 16th, the day before his indictment.   The defendant did not fly to Salt Lake City but instead flew to Hong Kong on December 20th.   On Monday the defendant was to turn himself in at the federal courthouse.   Defense counsel informed the government that he did not know where his client was.   Agents found that the defendant had travelled to Hong Kong on Saturday, and he never appeared as promised.

In January of 2026, the defendant returned from China and was arrested at the airport in Houston.   An inspection of the defendant's phone revealed chat messages, one of which was the following:

"Apparently you can go home BUT looks like the FBI is waiting as well,

just answer the questions properly, clear the chats, and you might be lucky that they let you home. If not, we will know and take it from there. It's the NY FBI, there we have strong connections. Stay calm, be friendly and let's see what happens. Do not call anyone but your lawyer in case you need to."

When the defendant was inspected by US Customs and Border Patrol (CBP), he was found to be in possession of three Rolex watches and a Hublot watch. Inspection of the defendant's phone revealed a financial transaction in the amount of $100,000 while the defendant was in China. Testimony showed that this was a fraudulent transaction involving a company in the Detroit area. The Court also found that the defendant has $300,000 in a cryptocurrency account and he has extensive international travel.

The Court further found that the defendant was less than truthful with US Pretrial Services. He told pretrial services that he has two children when in fact he has six. His sister told pretrial services that he has five children.

III.

Judge Bryan found that when all of the evidence is considered, the government had proved by a preponderance of the evidence that the defendant presents a serious risk of flight or nonappearance and a risk of obstruction or attempted obstruction that cannot be mitigated by conditions of release.

IV.

The defendant claims that he has never been convicted of a crime. This is technically true. However, the defendant was found to have committed the crime of forgery and was placed on deferred adjudication probation for the offense. The defendant also points out the US Pretrial Services recommended an unsecured

Case 4:25-cr-00693   Document 17   Filed 02/11/26 in TXSD   Page 3 of 5

just answer the questions properly, clear the chats, and you might be lucky that they let you home. If not, we will know and take it from there. It's the NY FBI, there we have strong connections. Stay calm, be friendly and let's see what happens. Do not call anyone but your lawyer in case you need to."

When the defendant was inspected by US Customs and Border Patrol (CBP), he was found to be in possession of three Rolex watches and a Hublot watch. Inspection of the defendant's phone revealed a financial transaction in the amount of $100,000 while the defendant was in China. Testimony showed that this was a fraudulent transaction involving a company in the Detroit area. The Court also found that the defendant has $300,000 in a cryptocurrency account and he has extensive international travel.

The Court further found that the defendant was less than truthful with US Pretrial Services. He told pretrial services that he has two children when in fact he has six. His sister told pretrial services that he has five children.

III.

Judge Bryan found that when all of the evidence is considered, the government had proved by a preponderance of the evidence that the defendant presents a serious risk of flight or nonappearance and a risk of obstruction or attempted obstruction that cannot be mitigated by conditions of release.

IV.

The defendant claims that he has never been convicted of a crime. This is technically true. However, the defendant was found to have committed the crime of forgery and was placed on deferred adjudication probation for the offense. The defendant also points out the US Pretrial Services recommended an unsecured

bond in his case.   It should be noted that US Pretrial Services had no knowledge of the defendant's trip to China or his failure to turn himself in as promised.   They also had no knowledge of the messages on the defendant's phone or the $100,000 financial transaction that the defendant participated in while in China.

V.

The defendant asks this court to overturn Judge Bryan's order and release him on pretrial release.   The United States asks that this request be denied.   The defendant is a serious risk of nonappearance due to the strength of the government's case against him, his involvement in fraudulent activities, and his trip to China after he was made aware of his arrest warrant and his promise to turn himself in.   Furthermore, the government would point out that the defendant's motion contains no information or evidence that is materially different from the evidence considered by Judge Bryan at the hearing.

Respectfully submitted,
NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

/s/ Jay Hileman
Jay Hileman
ASSISTANT UNITED STATES ATTORNEY
(713) 567-9391

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of February, 2026, a copy of Government's Response to Defendant's Motion to Revoke Detention Order was sent to the defendant by email.

/s/ Jay Hileman
Jay Hileman
ASSISTANT UNITED STATES
ATTORNEY
